ALFORD, Judge.
This is an appeal from a judgment of the Juvenile Court, Parish of Livingston, continuing the care, custody and control of the minor, George Norton, Jr., with the Department of Health and Human Resources, Division of Evaluation and Services (hereinafter referred to as the DHHR). Appellant, DHHR, alleges that the Juvenile Court exceeded its statutory authority in ordering, after assigning custody of the minor to it, that the DHHR not pursue a particular case plan for the future placement of George.
George Norton, Jr., initially came into the care of the DHHR on November 12, 1981, as the result of being abandoned by his mother. A seventy-two (72) hour hearing was held on November 16, 1981, wherein custody was continued with the DHHR. On February 16, 1983, a custody hearing was conducted by the Juvenile Court to determine whether George should be returned to his parents or his custody continued in the DHHR. At this hearing, the Court heard testimony from the DHHR official assigned to the case, George’s father and George’s aunt and uncle, Mr. and Mrs. Alexander. Not only did the DHHR request continued custody, but it also submitted a case plan for the future placement of George in the Alexander’s home.
At the conclusion of the custody hearing, judgment was rendered continuing the custody of the minor with the DHHR. However, on May 2, 1983, the Juvenile Court rendered an amended judgment with written reasons. In this amended judgment, custody was again continued in DHHR, but it was further ordered that the DHHR abandon the case plan for the placement of George in the Alexander’s home. It is from that portion of the judgment ordering the abandonment of the case plan that appellant appeals.
In his written reasons, the judge noted that he felt that the Alexanders were very fine individuals but that they simply did not possess the financial resources necessary *320 to qualify as suitable foster parents. Having found the Alexanders unsuitable as possible foster parents, the Court reasoned that it was unnecessary for the case plan for placement of the minor with the couple to be continued. Additionally, the Court noted that George had been in the home of Mr. and Mrs. Henry Martin, whom he considered his psychological parents, since November 12, 1981, and to uproot the child from this home would have a detrimental effect on him.
Appellant questions the authority of the Juvenile Court to determine actual placement of the child after assigning custody to it. The question of wherein lies the ultimate authority to place a child adjudged to be in need of care or supervision has been considered by the Louisiana State Supreme Court in, State In Interest of Sapia, 397 So.2d 469 (La.1981). In Sapia, at page 473, the Court stated,
C.J.P. arts. 84 and 85 give the juvenile court the power and authority to assign custody of a child adjudged in need of care or supervision to any person or agency, whether public or private, which it deems will serve the best interest of the child. R.S. 13:1580 gives the Department of Health and Human Resources the authority to place a child in the facility which it determines will serve the child’s best interests where the child has been initially referred to the Department for treatment and assigned to their custody by the juvenile court. Therefore, the juvenile court judge initially determines where custody of the child shall be assigned. Once the judge determines the custody of the child should be assigned to the Department of Health and Human Resources, and so assigns custody of the child, the Department then has the authority to determine where the child should be placed. If the court determines that the child is not being properly cared for it may remove custody from the Department and place it elsewhere.
It is apparent from the above that the Juvenile Court did in fact exceed its authority in ordering the Alexander case plan abandoned. Rather than merely reverse that portion of the judgment, however, we are convinced that it is in the best interest of the minor, George Norton, Jr., to reverse the entire judgment and remand the matter for reconsideration.
There can be no doubt from the judge’s written reasons that he feels George should be in the Martin home. Were we to simply reverse that portion of the judgment complained of, thus allowing the DHHR to continue the Alexander case plan, it would in all likelihood result in the Juvenile Court removing custody from the DHHR at a subsequent date. We are of the opinion that it would not be in the best interest of this child to subject him to such a situation.
Therefore, for the foregoing reasons, the judgment of the Juvenile Court assigning custody to the DHHR and ordering the abandonment of the Alexander case plan is hereby reversed. Additionally, the matter is remanded for reconsideration of the custody issue in accordance with the views expressed herein.
REVERSED AND REMANDED.